IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ALBREE KING,** | : | **CIVIL ACTION** |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| **HASBRO, INC.** and | : | |
| **WAL-MART STORES EAST, LP,** | : | |
| Defendants. | : | No. 07-4001 |

**MEMORANDUM ORDER**

A discovery dispute has erupted in this products liability litigation. The claims concern allegations that the minor Plaintiff, Albree King, suffered burns and a partial finger amputation when her hand became entrapped inside a Hasbro toy "New Easy Bake Oven" in March 2007. Plaintiffs charge that Hasbro acted with willful, wanton and callous disregard for product safety. They seek punitive damages.

The immediate discovery dispute is prompted by Plaintiffs' motion (Docket No. 57) asking the Court to compel Hasbro to produce accident reports concerning its toy oven and monthly reports to the Consumer Products Safety Commission post-dating Albree King's accident. Hasbro refused the requested discovery and opposes the motion.

The Court concludes that Plaintiffs have not sufficiently explained the relevance of these post-injury reports to their claims. The Federal Rules of Civil Procedure provide that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense," and "[f]or good cause, the court may order discovery of any matter relevant to the subject matter involved in the action." Fed. R. Civ. P. 26(b)(1). Although the discovery rules

should generally be given broad and liberal treatment,[1] these rules, like all of the Federal Rules of Civil Procedure, are subject to the injunction of Rule 1 that they "be construed to secure the just, speedy, and inexpensive determination of every action." Fed. R. Civ. P. 1. In keeping with this injunction, the relevance requirement of Rule 26(b)(1) must be "firmly applied." Herbert, 441 U.S. at 177 (quoting Fed. R. Civ. Pro. 26(c)).

Relevance is not defined in Rule 26. It is, however, defined in Rule 401 of the Federal Rules of Evidence, which states that "relevant evidence" is "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401. Evidence regarding events that transpired subsequent to an injury is generally irrelevant to claims arising from that injury,[2] and Plaintiffs' Motion to Compel fails to satisfactorily explain why the post-injury reports that Plaintiffs seek constitute an exception.

Likewise, Plaintiffs have presented no compelling basis for exposing the disputed information to discovery in this case in the face of the provisions of confidentiality contained in the Consumer Products Safety Act, 15 U.S.C. § 2055. See Critical Mass Energy Project v. Nuclear Regulatory Commission, 975 F.2d 871, 879 (D.C. Cir. 1992), cert. den. 507 U.S. 984

---

[1]  See Herbert v. Lando, 441 U.S. 153, 177 (1979); Schlagenhauf v. Holder, 379 U.S. 104 (1964); Hickman v. Taylor, 329 U.S. 495, 507 (1947).

[2]  See, e.g., Farahmand v. Cohen, 1999 U.S. Dist. LEXIS 10742 at *11-12 (E.D. Pa. July 15, 1999) ("after-the-fact evidence is often irrelevant to a person's intent, knowledge or state of mind at an earlier time," especially in personal injury cases); Samuels v. Albert Einstein Med. Ctr., 1998 U.S. Dist. LEXIS 17320 at *12-13 (E.D. Pa. Nov. 4, 1998) (same); Thomas v. American Cystoscope Makers, Inc., 414 F.Supp. 255, 265 (E.D. Pa. 1976) (defendant's behavior after plaintiff's injury not relevant to punitive damages); Jimenez v. DaimlerChrysler Corp., 269 F.3d 439, 450 (4th Cir. 2001) (evidence suggesting that defendant discovered design flaw after plaintiff's injury not relevant); Sealover v. Carey Canada, 793 F.Supp. 569, 579 (M.D. Pa. 1992) (evidence that defendants learned of hazard after injury not relevant); Gulbrandson v. Duluth, Missabe & Iron Range Railway Co., 921 F.2d 139, 142 (9th Cir. 1990) (post-injury memorandum not relevant to defendant's knowledge at the time of the injury).

(1993).  See also Cozen O'Connor v. United States Dep't of Treasury, 570 F.Supp. 2d 749, 776-77 (E.D.Pa. 2008).

Accordingly, Plaintiffs' Motion to Compel is **DENIED**.


          S/Gene E.K. Pratter
          GENE E.K. PRATTER
          UNITED STATES DISTRICT JUDGE